[Civ. No. 683.  Second Appellate District.—September 30, 1909.]

B. F. KNOTT, Appellant, v. A. F. PATNOTT, Respondent.

ACTION TO RESCIND PURCHASE OF MOTOR CAR AND RECOVER PRICE—
FALSE REPRESENTATIONS—SUPPORT OF FINDINGS FOR DEFENDANT.—
In an action to rescind the purchase of a motor car, and to recover
the price paid for alleged false representations, where the court
finds that all the material allegations of the complaint are untrue,
and that the answer of the defendant is true, the findings and judgment
for the defendant cannot be disturbed upon appeal, where the
record discloses evidence which, if believed by the trial court to
be true, amply supports its findings.

ID.—APPEAL—SPECIFICATIONS .OF INSUFFICIENCY OF EVIDENCE—PROV-
INCE AND DUTY OF APPELLATE COURT.—Where the only questions of
error presented in the record upon appeal relate to specifications of
insufficiency of the evidence to sustain the findings, the appellate
court cannot usurp the province of the trial court to determine
the weight and effect of the evidence; but its duty is fully dis-
charged when upon examination of the record it finds that the
findings of the trial court have some support from competent evi-
dence.

APPEAL from a judgment of the Superior Court of Kings
County, and from an order denying a new trial. John G.
Covert, Judge.

The facts are stated in the opinion of the court.

H. B. McClure, and J. L. C. Irwin, for Appellant.

M. L. Short, and John F. Pryor, for Respondent.

ALLEN, P. J.—The plaintiff in his complaint set out the
purchase by him of a motor car from defendant at an agreed
price of $750; that plaintiff was induced to make such pur-
chase and pay said sum by reason of the representations of
the defendant that the car was in every respect in first-class
condition, suitable for use, and had been tested by defend-
ant and found satisfactory and in good condition; that plain-
tiff was unskilled in the mechanism of such machines and
notified defendant that he would rely upon his representa-
tions; that these representations of defendant were false
and known by him to be false when made, and the plaintiff
promptly, upon discovering the defects which rendered the
car unsatisfactory, notified defendant of his rescission of the
contract and demanded the return of the price paid. De-
fendant by answer denied all of the allegations made by
plaintiff in respect of. representations, and, on the contrary,
averred that the machine was in good condition when sold
and was worth the sum received; denied that the purchase
was based upon any belief in any representations made by
defendant, but, on the contrary, that plaintiff, through a
skilled agent, who minutely examined the car before pur-
chase, purchased the same upon the faith of such report and
examination of the agent. The court finds against plaintiff
as to all the material allegations in his complaint, and fur-

ther, that, in substance, the allegations of the answer are true. Judgment went for defendant, from which judgment and an order denying a new trial plaintiff appeals.

The specifications of error all refer to the insufficiency of the evidence to support the findings. The record discloses evidence which, if accepted by the trial court, amply supports its findings. The rule that an appellate court will not usurp the functions of the trial court and upon appeal consider questions only involving the weight and effect which should be given the testimony has been declared so often that it would seem that a time should arrive when its force and effect should be appreciated. The duty of this court in considering such specifications of error is discharged when, upon examination, it finds that the findings of the trial court have some support from competent evidence.

The judgment and order are affirmed.

Shaw, J., and Taggart, J., concurred.